JAMES D. HESTER, Commissioner,
for the Court:[1]
The jury’s verdict in the amount of Sixteen Thousand Dollars ($16,000.00) was set aside and appellee’s motion for judgment N. O. V. was sustained by the Circuit Court of Tunica County. From the judgment entered in favor of the appellee, Hugh M. Monteith, Administrator of the Estate of Eugene Thornburg, déeeased, Thurman B. Youngblood, individually and as father and next friend of John David Youngblood, a minor, appeals. We reverse.
The record reflects that on November 18, 1972, at approximately seven-thirty p.m., John David Youngblood, a minor, was riding as a passenger in a 1973 Ford Pickup truck driven by Eugene Thornburg in a southerly direction on Mississippi State Highway No. 3, approximately 0.3 of a mile south of Sledge, Quitman County, Mississippi. Youngblood was seated adjacent to the driver. John Pearson, Jr. was riding to the right of appellant, and Roger Gayden, the only eye witness to the accident who testified, was seated adjacent to the right window. The accident occurred at an intersection of a gravel road crossing Highway No. 3 at an angle from southeast to northwest, resulting in an intersection of approximately three hundred feet along Highway No. 3 between the southeast and northwest approaches to said highway. The speed limit on State Highway No. 3 was sixty-five miles per hour and the proper intersection sign was posted. A head-on collision occurred in the west half or southbound lane of Highway No. 3 between the Thornburg pick up truck and a 1966 Ford automobile driven by Albert Burts, who, along with his only passenger, was killed.
Roger Gayden testified that Thornburg was traveling approximately eighty-five miles an hour immediately before the accident and that he did not recall the brakes being applied or the vehicle being slowed down at any time before the collision. When he was questioned on cross examination as to how he knew the speed to be eighty-five miles per hour, he testified:
“A. Well, I recall looking at the speedometer.
Q. When did you look at the speedometer?
A. When we were going down the road, the highway, pavement.
Q. Just before the accident?
A. Yes, sir, I just glanced over there to see how fast we were going.”

And, process of leaning over there looking at the speedometer, did it come to the attention of Mr. Youngblood here that you were looking at the speedometer?
A. No, sir.”
Credibility of Gayden’s testimony was attacked by defense witness Fletcher Powell, who testified that in order for one seated next to the right window to see the speedometer, he would have to be “pretty close to right behind the steering wheel.” Rebuttal testimony indicated that one seated as was Gayden would be able to tell approximately the speed registering on the speedometer if he leaned his head toward the center of the truck. Additionally, photographs introduced in evidence depicting the two wrecked vehicles, one practically cut in half *6 by the impact, is corroborative of Gayden’s testimony as to speed of Thornburg. This evidence as to speed was sufficient to make an issue for the jury which, obviously, resolved that issue in favor of plaintiff.
Section 63-3-505, Mississippi Code Annotated (1972) reads as follows:
“The driver or operator of any motor vehicle must decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic . . .
In Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, (Miss.1975), it is stated:
“The established rule is that when the court considers whether the defendant is entitled to a judgment as a matter of law, the court should consider the evidence in the light most favorable to plaintiff, disregard any evidence on the part of the defendant in conflict with that favorable to plaintiff, and if the evidence and reasonable inferences to be drawn therefrom would support a verdict for the plaintiff, the jury verdict should not be disturbed.”
When the testimony, as reflected by the record in this cause, is subjected to the rule above stated, it is abundantly clear that the jury was warranted in believing that the defendant Thornburg was driving at a rate of speed of approximately eighty-five miles an hour when he entered the intersection, and that he did not reduce his speed before colliding with the Burts automobile, and that his speed was a proximate contributing cause of the collision. Therefore, the trial court was in error in sustaining appellee’s motion for judgment n.o.v. Language found in McCorkle v. United Gas Pipeline Co., 253 Miss. 169, 175 So.2d 480 (1965), cited in the briefs that “[W]e have likewise held that a motorist who violates section 8176 [§ 63-3-505 in 1972 Code], supra, is guilty of negligence proximately causing a collision as a matter of law” (emphasis added) is an incorrect statement of law. Proximate cause is usually a jury question as was true here where that question was properly submitted to the jury and resolved against appellee.
It, therefore, follows that the judgment entered by the trial court in favor of the defendant should be vacated and judgment entered here for the appellant in the amount of Sixteen Thousand Dollars ($16,-000.00).
REVERSED AND RENDERED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.